IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNA CATRONE<br>24995 Lakeshore Blvd<br>Cottage 12<br>Euclid, Ohio, 44123 | ) ) ) ) ) ) | CASE NO.<br><br>JUDGE |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR VIOLATION OF**<br>**THE FAIR LABOR STANDARDS ACT** |
| PRO-MODEL AND TALENT<br>MANAGEMENT, INC.<br>3421 Ridgewood Road Ste #050<br>Fairlawn, Ohio 44333 | ) ) ) ) ) | **(Jury demand endorsed herein)** |
| c/o Joseph DePaul, Statutory Agent<br>3421 Ridgewood Road Ste #050<br>Fairlawn, Ohio 44333 | ) ) ) ) | |
| -and- | ) ) | |
| JOSEPH DEPAUL<br>3421 Ridgewood Road Ste #050<br>Fairlawn, Ohio 44333 | ) ) ) ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff Jenna Catrone brings this action against Defendants Pro-Model and Talent Management, Inc. and Joseph Depaul, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based upon information and belief, or personal knowledge as to Catrone's own conduct and the conduct and acts of others.

## PARTIES AND VENUE

1. Catrone is a resident of the city of Euclid, County of Cuyahoga, state of Ohio.



2. During all times material to this Complaint, Harris was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(d).

3. Pro-Model and Talent Management, Inc. ("Pro-Model") is an Ohio for-profit corporation with its principal place of business in the city of Fairlawn, Summit County, state of Ohio.

4. Pro-Model is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Fair Labor Standards Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

5. DePaul is the President and CEO of Pro-Model, whom exercises significant control over Pro-Model's day to day operations, policies, and procedures, to include, but not limited to its compensation and/or pay practices.

6. At all times relevant herein, DePaul supervised and/or controlled Catrone's employment with Pro-Model and acted directly or indirectly in the interest of Pro-Model in relation to its employees, and was an employer within the meaning of section 3(d) of the Fair Labor Standards Act.

**FACTS**

7. Pro-Model is a modeling agency.

8. According to Pro-Model's website, "we have made it our mission to aggressively market and place our models/talent throughout our tri-state area."

9. Pro-Model provides its services to talent and clients in and outside of Ohio.

10. Catrone is former employee of Pro-Model.



11. In or around January of 2016, Catrone was hired by Defendants as a "Director of Regional Booking."

12. Despite her title as a "Director," Catrone lacked any supervisory or managerial powers.

13. Catrone's primary job duties included making telephone sales, booking models for clients, enrolling models in classes, and conducting monthly agency meetings.

14. Catrone could not hire employees.

15. Catrone could not fire employees.

16. Catrone did not have any input into the hiring or firing of employees.

17. Catrone's primary job duties did not require Catrone to exercise discretion or independent judgment with respect to matters of significance.

18. Catrone was paid a salary of approximately $48,000.00 plus commissions.

19. Less than half of Catrone's income came from commissions.

20. Catrone's pay was intended to compensate Catrone to work up to 40 hours per week.

21. Catrone was told by Defendants that she was an exempt employee and not entitled to overtime.

22. Catrone was scheduled to work from 9:30am to 5:30pm, Monday through Friday.

23. Throughout her employment, Catrone regularly worked past 5:30pm, often until approximately 7:30pm or 8:00pm.

24. Defendants' offices were generally open until 9:00pm.

25. From time to time, Catrone worked past 9:00pm.

26. Catrone was able to continue working past 9:00pm because Depaul and/or other managers, such as Mary Skambla, were still there as well.

27. Catrone regularly worked on Saturdays and Sundays.

28. As result of the time Catrone worked beyond her scheduled hours, she regularly worked in excess of 40 hours per week.



29. Defendants failed to pay Catrone for any hours she worked over 40 in a given week.

30. Defendants failed to pay Catrone overtime at a rate of time and on-half her regular rate of pay when she worked more than 40 hours in a given week.

31. At all times material to the Complaint, Defendants were aware that Catrone worked beyond her scheduled 40 hours.

32. Catrone often worked with Depaul and/or Skambla and regularly exchanged emails with them during times that fell outside of Catrone's scheduled hours of work, putting Defendants on notice of the fact that Catrone was working.

33. On one or more occasions during her employment with Defendants, asked DePaul if she was entitled to overtime.

34. DePaul told Catrone she was not entitled to overtime because she was paid a salary.

35. DePaul disregarded Catrone's complaints about overtime.

36. Upon information and belief, Defendants did not take any steps to inquire whether they were complying with the FLSA by treating Catrone as an exempt employee and failing to pay her overtime.

37. On or around July 19, 2016, Catrone's employment with Defendants ended.

38. On or around January 12, 2017, Catrone sued Defendants for claims arising out of how her employment ended with Pro-Model, in the Summit County Court of Common Pleas, *Jenna Catrone v. Pro-Model and Talent Management, et al.,* Case No. CV 2017-01-0166 ("*Catrone I*").

39. Catrone did not assert any claims arising under the FLSA in the *Catrone I* litigation.

40. During the *Catrone I* litigation, Defendants filed Counterclaims against Catrone.

41. On or around April 27, 2017, Catrone voluntarily dismissed the claims she had asserted against Defendants in *Catrone I*, without prejudice.



42. On July 21, 2017, Defendants dismissed their counterclaims against Catrone with prejudice.

43. It is well established that a party may not privately agree to release their claims under the FLSA unless the agreement is reached due to a bona fide FLSA dispute over hours worked or compensation owed. See *Nasrallah v. Lakefront Lines, Inc*., N.D.Ohio No. 1:17 CV 69, 2017 WL 2291657; *McConnell v. Applied Performance Techs., Inc.,* 2002 WL 483540, at *5 (S.D. Ohio Mar. 18, 2002); *Hohnke v. U.S*., 69 Fed. Cl. 170, 180 (Fed. Cl. 2005).

44. Catrone has not entered into an agreement with Defendants in which a bona fide FLSA dispute over hours worked or compensation owed was at issue.

45. Although *Catrone I* was ultimately resolved, Catrone has never purported to release her FLSA claim against Defendants.

46. Neither the Department of Labor nor any Court has reviewed any purported release of Catrone's FLSA claim against Defendants.

47. Accordingly, Catrone may pursue her FLSA claim against Defendants in this matter.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

43. Catrone restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

44. During all times material to this complaint, Catrone was not exempt from receiving overtime compensation.

45. During all times material to the complaint, Defendants knew that Catrone was regularly working in excess of forty hours per week.

46. During all times material to this Complaint, Defendants violated the FLSA with respect to Catrone by, *inter alia*, failing to compensate her at time-and-one-half his regular rate of pay for any hours worked in excess of forty hours per workweek.



The Employee's Attorney.™

47. Defendants knew that they were required to pay Catrone overtime compensation at a rate of one and one-half her respective regular rates for hours worked in excess of forty hours per workweek.

48. In violating the FLSA, Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

49. As a direct and proximate cause of Defendants's conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Catrone for the full amount of the required overtime wage rate, an additional equal amount as liquidated damages, as well as costs and reasonable attorney fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Jenna Catrone demands from Defendants the following

(a) For an award against Defendants of unpaid wages to Catrone, to be determined at trial together with any liquidated damages allowed by FLSA;

(b) An award against Defendant of compensatory and monetary damages to compensate Catrone for unpaid overtime compensation, and any other consequential and/or liquidated damages permitted by law, in an amount to be proven at trial;

(c) An award of reasonable attorney's fees and non-taxable costs for Catrone's claims as allowable under law;

(d) An award of the taxable costs of this action;

(e) An award of such other relief as this Court may deem necessary and proper.



Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorneys or Plaintiff Jenna Catrone*

## JURY DEMAND

Plaintiff Jenna Catrone demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**



IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| JENNA CATRONE | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| v. | ) | **PLAINTIFF'S FIRST SET OF** |
| | ) | **INTERROGATORIES AND** |
| PROMODEL AND TALENT | ) | **REQUEST FOR PRODUCTION** |
| MANAGEMENT, INC.,** *et al*. | ) | **OF DOCUMENTS TO** |
| | ) | **DEFENDANT PROMODEL AND** |
| Defendants. | ) | **TALENT MANAGEMENT, INC.** |

Pursuant to Rules 33 and 34 of the Ohio Rules of Civil Procedure, Plaintiff Jenna Catrone requests that Defendant Pro-Model and Talent Management, Inc. ("ProModel") answer, in writing, and under oath, the following interrogatories, and produce the documents requested, within 28 days of service.

**INSTRUCTIONS AND DEFINITIONS**

A. "Participated" means to either directly or indirectly take part in an action or give any input into a decision.

B. The term "document" or "Documents" means the original and a photostatic copy thereof, or other reproduction thereof, of any writing or records of any type or description, whether official or unofficial, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, inter-or intra-office communication, handwritten or other note, working paper, publication, permit, ledger and/or journal, whether general or special, chart, paper, graph, survey, index, computer tape or disk, and any recorded, transcribed, or graphic matter, including audio or video tapes, and all other electronically, magnetically, optically and mechanically stored information, including but not limited to CD-ROMS and microfilm or microfiche, however produced or reproduced, to which Defendants had access or now has access.

C. "Present" means the date of service of the responses to these discovery requests.

D. "Personnel file" includes, but is not necessarily limited to: Documents used to determine a person's qualifications for employment, promotions, transfers, raises, compensation, bonuses, pension eligibility and disciplinary action, job performance evaluations, terminations, discharges, layoffs, the employment application, Documents from hiring interviews, communications offering a job, employment agency Documents, applications for life and health insurance, Documents related to payroll, tax records (including all W-2 forms), Documents from any reference checks or background investigations conducted prior to hiring, pension plan/retirement benefits Documents, Documents concerning fringe benefits, Documents concerning any complaints written by or about the person (written by any person), exit interviews, written inquiries about the person made by any other person (including but not limited to prospective employers), Documents to or from the Ohio Bureau of Employment Services, job descriptions and Documents concerning any change in job duties or job descriptions.

E. For each interrogatory or part thereof which Defendants refuse to answer on grounds of burdensomeness, state:

   1. the number of files and/or Documents needed to be searched;
   2. the location of such files;
   3. the number of employee-hours required to conduct the search and the basis for calculating the number of employee-hours; and
   4. the estimated cost of the search in employee-hours and dollars.

F. Whenever information is sought concerning employees, such information should include both active employees, employees on reserve status, and employees on part-time status. In addition,



such information should include all employees who worked for Defendants at any time during the specified period.

G. Wherever Defendants claim privilege, include a statement identifying each said document, and the basis asserted for the claim of privilege.

H. If any document described in this request was, but no longer is, in Defendants' possession, or subject to Defendants' custody or control, or in existence, state whether:

    1. it is missing or lost;

    2. it has been destroyed;

    3. it has been transferred, voluntarily or involuntarily, to others; or

    4. it has been disposed of otherwise.

    5. In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, his or her address, type (e.g., letter, memorandum, telegrams, chart, photograph, etc.), date, subject matter, present location(s) and custodian(s), and state whether the document (or copies) are still in existence.

I. "Identify," when used in reference to a document, means to state: (1) its date; (2) its author; (3) the type of document (e.g., letter, memorandum, receipt, invoice, schedule, report, telegram, chart, photograph, reproduction, note, etc.); and (4) its present location and the name of its present custodian or each custodian if there is more than one copy thereof. If any such document was but is no longer in the possession of Defendants or subject to their control, or it is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transmitted or transferred voluntarily or involuntarily to others, identifying such others; or (4) otherwise disposed of, and in each instance, explain the circumstances surrounding the authorization of such disposition



and state the date or approximate date thereof. If any of the above is not available to Defendants, state any available means of identifying such Documents.

J. "Identify," when used herein in reference to a natural person, means to state: (1) his or her full name and present or last known residence address; (2) his or her present or last known business affiliation and position therewith, and (3) his or her last known residential telephone number. If any of the above information is not available to Defendants, state any other means of identifying such natural person.

K. "Identify," when used in reference to a "person" (as defined above) other than a natural person, means to state: (1) its full name; (2) the nature of its organization, including the name of the state under which it was organized; (3) its address(es); (4) the address of its principal place of business; and (5) its principal line of business. If any of the above information is not available to Defendants, state any other available means of identifying such person.

L. It is requested that all Documents be segregated as to the numbered requests they correspond to.



**INTERROGATORY NO. 1.**

State the last known address and telephone number of Defendant Joe DePaul.

**ANSWER**

**INTERROGATORY NO. 2.**

Identify Plaintiff's supervisor(s) and manager(s).

**ANSWER**

**INTERROGATORY NO. 3.**

Identify person(s) presently known to the Defendants who were involved in making the decision to terminate Plaintiff.

**ANSWER**

**INTERROGATORY NO. 4.**

Identify persons the Defendants believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

**ANSWER**

**INTERROGATORY NO. 5.**

To the extent any Defendant contends Plaintiff was employed by another entity during the timeframe relevant to the Complaint, Identify the entity Plaintiff was employed by.

**ANSWER**



**INTERROGATORY NO. 6.**

To the extent that Defendants have failed to fully admit to every averment contained in the attached Complaint, state the facts, including, but not limited to, identifying all witnesses on which Defendants rely to form the basis of that answer.

**ANSWER**

**INTERROGATORY NO. 7.**

Identify the person with the most knowledge of Catrone's termination.

**ANSWER**

**INTERROGATORY NO. 8.**

Identify the person who replaced Catrone at Pro-Model.

**ANSWER**

**INTERROGATORY NO. 9.**

State the date of birth and gender of the individual who replaced Catrone at Pro-Model and state whether or not the individual who replaced Catrone suffers from any disabilities.

**ANSWER**



**PRODUCTION REQUEST NO. 1.**

Produce any and all communications concerning the factual allegations or claims at issue in this lawsuit among or between:

    i.    The Plaintiff and the Defendants;

    ii.   The Plaintiff's manager(s), and/or supervisor(s), and/or the Defendants' human resources representative(s).

**ANSWER**


**PRODUCTION REQUEST NO. 2.**

Produce any and all responses to all claims, lawsuits, administrative charges, and complaints by the Plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

**ANSWER**


**PRODUCTION REQUEST NO. 3.**

Produce any and all Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

**ANSWER**


**PRODUCTION REQUEST NO. 4.**

Produce the Plaintiff's personnel file, in any form, maintained by the Defendants, including files concerning the Plaintiff maintained by the Plaintiff's supervisor(s), manager(s), or the Defendants' human resources representative(s), irrespective of the relevant time period.

**ANSWER**

**PRODUCTION REQUEST NO. 5.**



Produce the personnel file for the individual identified in response to Interrogatory No. 8 above, in any form, maintained by the Defendants, including files concerning the individual maintained by the individual's supervisor(s), manager(s), or the Defendants' human resources representative(s), irrespective of the relevant time period.

**ANSWER**

**PRODUCTION REQUEST NO. 6.**

Produce the personnel file for Joe DePaul, in any form, maintained by the Defendants, including files concerning the DePaul maintained by the DePaul's supervisor(s), manager(s), or the Defendants' human resources representative(s), irrespective of the relevant time period.

**ANSWER**

**PRODUCTION REQUEST NO. 7.**

Produce any and all Documents relied upon to make the employment decision(s) at issue in this lawsuit.

**ANSWER**



**PRODUCTION REQUEST NO. 8.**

Produce any and all workplace policies or guidelines which relate to the following:

   i. Discipline;

   ii. Termination of employment;

   iii. Discrimination;

   iv. Performance reviews or evaluations;

   v. Misconduct;

   vi. Request for Accommodation;

   vii. Commissions;

   viii. Salary;

   ix. Non-exempt and exempt employee status;

   x. FLSA compliance;

   xi. Retaliation; and

   xii. Nature of the employment relationship between Plaintiff and Defendants.

**ANSWER**


**PRODUCTION REQUEST NO. 9.**

Produce the table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect at the time of Plaintiff's termination.

**ANSWER**


**PRODUCTION REQUEST NO. 10.**

Produce any and all job description(s) for the position(s) that the Plaintiff held.

**ANSWER**



**PRODUCTION REQUEST NO. 11.**

Produce any and all Documents which relate to the Plaintiff's compensation and benefits, to include, but not limited to include pay plans, contracts for commissions, earned commissions, retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.

**ANSWER**

**PRODUCTION REQUEST NO. 12.**

Produce any Agreements between the Plaintiff and the Defendants to waive jury trial rights or to arbitrate disputes.

**ANSWER**

**PRODUCTION REQUEST NO. 13.**

Produce any and all Documents concerning investigation(s) of any complaint(s) about the Plaintiff or made by the Plaintiff, if relevant to the Plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

**ANSWER**

**PRODUCTION REQUEST NO. 14.**

Produce any and all Documents in the possession of the Defendants and/or the Defendants' agent(s) concerning Plaintiff's claim for unemployment benefits

**ANSWER**



**PRODUCTION REQUEST NO. 15.**

Produce any other document(s) upon which the Defendants relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for Plaintiff's termination.

**ANSWER**

**PRODUCTION REQUEST NO. 16.**

To the extent that Defendants have failed to fully admit to every averment contained in the attached Complaint, provide all documents on which Defendants relied to form the basis of that answer and/or have reviewed or possessed regarding that issue.

**ANSWER**

                      Respectfully submitted,

                      /s/ Chris P. Wido
                      CHRIS P. WIDO (0090441)
                      **THE SPITZ LAW FIRM, LLC**
                      25200 Chagrin Blvd Suite 200
                      Beachwood, Ohio 44122
                      Phone: (216) 291-4744
                      Fax:    (216) 291-5744
                      E-mail:

                      *Attorneys for Plaintiff Jenna Catrone*



## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's first set of Interrogatories and Request for the Production of Documents to Defendants is being served through the same method by which the Original Complaint is being served on Defendants

/s/ Chris P. Wido<br>
Chris P. Wido (0090441)<br>
**THE SPITZ LAW FIRM, LLC**
